**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KENNETH KUCK, Individually, and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLANET HOME LENDING, LLC and MICHAEL DUBECK, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, Kenneth Kuck, individually and on behalf of all others similarly situated, by and through his undersigned counsel, as and for his Class and Collective Action Complaint against Defendants, Planet Home Lending, LLC, and Michael Dubeck ("Defendants") allege as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, Articles 6 and 19 of the New York Labor Law and the New York Codes, Rules, and Regulations Subpart 142-2.2, 12 NYCRR 142 (hereinafter the "New York Labor Law"), to recover unpaid earned overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) and as a New York state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff Kenneth ("Kuck") is a resident of Nassau County, New York.

6. Kuck was employed by Defendants as a loan officer in New York from on or about August 3, 2013 through July 22, 2017. At all relevant times, Kuck was an "employee" as defined by the FLSA, 29 U.S.C. § 203 and New York Wage and Hour Law.

7. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Kuck's written consent to become a party plaintiff is attached hereto as Exhibit "A."

8. Defendant Planet Home Lending, LLC ("PHL") is a Connecticut limited liability company with locations in various regions throughout the United States including offices located at 105 Maxess Rd, Melville, New York 11747.

9. At all relevant times, Defendant Michael Dubeck ("Dubeck") was the President of PHL. At all times relevant, Dubeck exercised operational control over PHL, controlled significant business functions of PHL, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of PHL in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Dubeck was an "employer" as defined by the FLSA and New York Labor Laws. 29 U.S.C. § 203(d); N.Y. Lab. Law §§ 2(6), 651(6), 190(3).

## **FACTS**

11. At all relevant times, Defendants have employed loan officers in New York and elsewhere (hereafter "Plaintiffs").

12. At all relevant times, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA and state law.

13. Plaintiffs worked in excess of 40 hours in given workweeks.

14. During their employment, Plaintiffs generally worked ten or more hours every Monday through Friday.

15. At all relevant times, the Defendants paid Plaintiffs on an hourly basis.

16. Defendants failed to make or maintain true and accurate records of all the time worked by Plaintiffs.

17. Except in limited circumstances, Defendants instructed Plaintiffs not to record more than 40 hours in any given workweek, notwithstanding their knowledge that Plaintiffs routinely worked in excess of 40 hours in given workweeks.

18. Defendants did not pay Plaintiffs time-and-a-half their regular rate of pay for time worked in excess of 40 hours in given workweeks.

19. As a result of the above-stated policies and practices, Plaintiffs suffered a loss of wages.

20. Defendants managed Plaintiffs' employment, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

21. Defendants' failure to pay Plaintiffs all overtime earned was without good faith, willful, and with reckless disregard for Plaintiffs' rights.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective:

> All loan officers who worked for Defendants at any time from three (3) years prior to the filing of this action to the entry of judgment who have not been paid overtime for all time worked in excess of 40 in any given workweek (hereinafter "FLSA Class").

23. Plaintiff and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, Defendants required them to work in excess of 40 hours in given workweeks without paying them overtime compensation.

24. Defendants knew or should have known that Plaintiff and other similarly situated employees worked in excess of 40 hours in given workweeks. Nonetheless, Defendants have operated under a scheme to deprive Plaintiff and the other members of the FLSA Class of overtime compensation by failing to properly compensate them for all overtime worked.

## NEW YORK LABOR LAW CLASS ACTION ALLEGATIONS

25. Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and all other similarly situated employees who worked as loan officers for Defendants in New York at any time within the last six years.

26. Plaintiffs all worked under common employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

### Class Definition

27. Plaintiff seeks certification of a class consisting of the following individuals:

> All loan officers who worked for Defendants in New York at any time from six years prior to the filing of this Action to the entry of judgment who have not been

paid overtime for all time worked in excess of 40 in any given workweek (hereinafter the "New York Class").

## Numerosity

28. More than 40 loan officers were employed by Defendants who were subject to the same practices challenged in this action as alleged above and not paid overtime compensation for all time worked in excess of 40 in given workweeks. Accordingly, Plaintiff satisfies the numerosity requirements as the class is so numerous that joinder of all members is impracticable.

29. Members of the proposed class can be identified and located using the Defendants' payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

## Common Questions of Fact or Law

30. There are questions of fact and law common to each class member and each of the respective classes which predominate over questions affecting only individual members, if any. Plaintiff, the members of the New York Class and Defendants have a commonality of interest in the subject matter and the remedy sought.

31. If individual actions were required to be brought by each member of the classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the New York Class and to the Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

## Typicality

32. Plaintiff's claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the class he seeks to represent.

### Adequacy

33. Plaintiff is an adequate representative of the class he seeks to represent because he is a member of the class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Superiority

34. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

35. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each class member to bring individual claims.

36. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, ET SEQ.**
**FAILURE TO PAY EARNED OVERTIME**


37. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

38. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

39. Defendants are and were subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in commerce or in the production of goods for commerce.

40. The gross annual volume of sales made or business done by Defendants for the years 2014, 2015 and 2016 was not less than $500,000.00.

41. At all relevant times, Plaintiff and members of the FLSA Class have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

42. Section 207(a)(1) of the FLSA states that an employer must pay its employees overtime equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 in any given workweek.

43. By engaging in the conduct described above, Defendants violated the FLSA by failing to pay Plaintiff and members of the FLSA Class overtime compensation as required.

44. Plaintiff and members of the FLSA Class are victims of a uniform company-wide compensation policy. Defendants applied this uniform policy to all members of the FLSA Class in violation of the FLSA, and have deprived them of earned overtime compensation.

45. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

46. As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Class have suffered harm and are entitled to recoup their unpaid wages and other losses in an amount to be determined at trial, along with liquidated damages, interest and reasonable attorneys' fees and costs.

## COUNT II
### VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
### FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

47. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

48. At all relevant times, Kuck was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

49. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

50. By engaging in the above-alleged conduct, Defendants have failed to pay members of the New York Class overtime compensation as required by the New York Labor Law.

51. Kuck and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Law, has been applied to all members of the New York Class and has deprived them of earned overtime compensation.

52. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

53. As a result of Defendants' violations of the New York Labor Law, Kuck and the other members of the New York Class have suffered harm, and are entitled to recoup their unpaid wages and other losses in an amount to be determined at trial, along with liquidated damages, interest and reasonable attorneys' fees and costs.

## COUNT III
## NEW YORK LABOR LAW: SPREAD OF HOURS PAY

54. Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

55. Defendants failed to pay Plaintiffs an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of New York Labor Law §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142.

56. Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 § 190, *et seq.*, and Article 19 § 650, *et seq*.

## COUNT IV
## NEW YORK LABOR LAW SECTION 195
## DEFENDANTS' FAILURE TO PAY WAGES WHEN DUE

57. Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

58. Defendants have failed to pay Plaintiff all wages, including overtime wages and/or commissions, for the hours Plaintiff worked for Defendants. New York Labor Law requires that wages be paid on an employer's regular payday for all hours worked.

59.     Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### COUNT V
### UNJUST ENRICHMENT: DEFENDANTS' FAILURE TO PAY ALL WAGES DUE INCLUDING MINIMUM WAGES, OVERTIME, COMMISSIONS AND SPREAD OF HOURS

60.     Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

61.     At all times material to this Complaint, Defendants, by their policies and actions, benefited from, and increased their profits and personal compensation by failing to pay Plaintiff : (i) all wages due for work performed, including but not limited to minimum wages, overtime for hours worked in excess of forty (40) hours in a workweek, and commissions; and (ii) an extra hour at the minimum wage for working a "spread of hours" in excess of ten (10) hours or a shift longer than ten (10) hours.

62.     Defendants have accepted and received the benefits of the work performed by Plaintiff at the expense of Plaintiff.

63.     It is inequitable and unjust for Defendants to reap the benefits of Plaintiff's labor, which includes underpaid overtime hours caring for the clients of Defendants and the pay due for spread of hours.

64.     Plaintiff is entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants, plus interest on these amounts.

### COUNT VI
### NEW YORK LABOR LAW SECTION 195: DEFENDANTS' FAILURE TO PROVIDE COMPLETE WRITTEN STATEMENTS CONCURRENT WITH THE PAYMENT OF WAGES

65. Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

66. Pursuant to New York Labor Law Article 6 §195(1), as of April 9, 2011, all employers are required to provide employees with a written statement at the time of hiring and each year on or before February first notice which lists, inter alia, the rate or rates of pay and basis thereof.

67. Pursuant to New York Labor Law Article 6 §195(3), as of April 9, 2011, all employers are required to provide employees with a written statement with the payment of wages which lists, inter alia, the number of regular and overtime hours worked and the overtime rate of pay.

68. Defendants willfully and systematically failed to provide Plaintiff with the required notices or written statements pursuant to New York Labor Law Article 6 §195(1) and (3).

69. Accordingly, Plaintiff is entitled to recover from Defendants damages pursuant to New York Labor Law Article 6 § 198.

70. Plaintiff also seeks injunctive relief precluding Defendants from continued violations of these laws and affirmatively mandating their compliance with the provisions of the New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demand judgment against Defendants and each of them, jointly and severally and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all loan officers who currently work for or who have worked for Defendants within the last six years;

B. Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former loan officers employed by the Defendants during the six years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the required overtime in accordance with the FLSA and New York Labor Law;

C. Certify this case as a Rule 23 class action under the state law of New York;

D. Declare and find that the Defendants committed one or more of the following acts:

   1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated employees who opt into this action;

   2. Willfully violated the overtime provisions of the FLSA;

   3. Violated the provisions of the New York Labor Law by failing to pay overtime wages to Plaintiff and members of the New York Class;

   4. Willfully violated the applicable provisions of the New York Labor Law;

E. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

F. Award liquidated damages;

G. Award all damages provided by statute for Defendants' violation of New York Labor Law Article 6 §195;

H. Award interest;

I. Award all reasonable attorney's fees and costs incurred;

J. Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

K. Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 15, 2017         Respectfully Submitted,

*/s/ Erik H. Langeland*
The Law Offices of Erik H. Langeland, PC
733 Third Avenue, 15th Floor
New York, New York 10017
(212) 354-6270
(212) 898-9086 f
elangeland@langelandlaw.com


*/s/ James B. Zouras*
James B. Zouras*
Ryan F. Stephan*
Catherine T. Mitchell*
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
jzouras@stephanzouras.com
www.stephanzouras.com
* Subject to admission to this Court *pro hac vice*

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS AND COLLECTIVE CLASS**