UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KENNETH KUCK and ANTHONY JULIANO,                             :
Individually, and on Behalf of All Others                     :
Similarly Situated,                                           :
                                                              :
                                                              : Case No. 2:17-cv-04769-ADS-GRB
                     Plaintiffs,                              :
                                                              :
             -*against*-                                      :
                                                              :
                                                              :
PLANET HOME LENDING, LLC and                                  :
MICHAEL DUBECK                                                :
                                                              :
                     Defendants.                              :
------------------------------------------------------------- X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS I AND II OF THE AMENDED COMPLAINT**

{00132859;4}

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), Defendants Planet Home Lending, LLC and Michael Dubeck (collectively, "Defendants"), by their attorneys, Klein Zelman Rothermel Jacobs & Schess LLP, respectfully submit this memorandum of law in support of their Motion to Dismiss Counts I and II of the Amended Class and Collective Action Complaint (the "Amended Complaint") filed by Plaintiffs Kenneth Kuck ("Kuck") and Anthony Juliano ("Juliano") (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

Plaintiff Kuck filed the Complaint on August 15, 2017 alleging that he was not compensated for all overtime hours and related allegations; Plaintiff Juliano filed a notice of consent to join the Complaint on or about that same day. (Dkt. 1, 9.) On October 18, 2017, Defendants timely moved to dismiss the Complaint based on the insufficiency of the allegations and Plaintiff Kuck's execution of a release waiving all of his alleged state law claims against Defendants. (Dkt. 23.) In lieu of responding to Defendants' Motion to Dismiss, on November 20, 2017, Plaintiffs filed an Amended Complaint purporting to cure the defects identified by Defendants. (Dkt. 26.)

As shown below, the Amended Complaint fails to correct the pleading deficiencies in Plaintiffs' claims for unpaid overtime that Defendants identified in their initial Motion to Dismiss. Because the allegations continue to be insufficiently specific as a matter of law, Plaintiffs still have not met the Second Circuit's basic requirements for alleging a claim for unpaid overtime under the Fair Labor Standards Act ("FLSA"). Indeed, the allegations in the Amended Complaint here are almost identical to ones this very Court has held were insufficient to meet the Second Circuit's pleading standard.

1

Further, apparently recognizing the validity of the release he signed waiving all the state law claims alleged in his initial Complaint, Kuck no longer brings any claims under state law. Now, Juliano has been added as a named plaintiff in order to assert two claims under state law that Kuck himself could not bring: (1) a claim for unpaid overtime under the New York Labor Law ("NYLL") and (2) failure to provide a wage notice under NYLL §195(1). The claim for unpaid overtime under the NYLL should be dismissed based on the same pleading insufficiencies as the claim under the FLSA.

## STATEMENT OF FACTS

For the purposes of this motion, Defendants assume the accuracy of the allegations set forth in the Amended Complaint. Should this matter continue, Defendants will demonstrate that Plaintiffs' allegations are inaccurate and unsupported.

Plaintiff Kuck alleges that he was employed by Defendants as a loan officer from August 3, 2013 through July 22, 2017. (Am. Compl ¶¶ 6a, 8a.) (Plaintiffs have used duplicate paragraph numbers throughout their Amended Complaint. When citing to paragraphs of the Amended Complaint, Defendants shall refer to the first set of numbered paragraphs as 6a-9a or 16a-20a, and the second set as 6b-9b or 16b-20b.) Kuck alleges that:

- "[D]uring his employment, [he] worked six days a week." (*Id.* ¶ 11.)
- "During this time, Kuck worked Monday through Saturday for 10 hours each day with a meal break of a half hour." (*Id.* ¶ 12.)
- "During his employment, Kuck worked 50-55 hours each week." (*Id.* ¶13.)

Juliano alleges that he was employed by Defendants as a loan officer from October 13, 2014 through January 15, 2017. (*Id.* ¶ 6b.) He alleges that:

- "During his employment, Juliano worked at least five days a week and worked one or two Saturdays per month." (*Id.* ¶ 16a.)

2

- "During this time, Juliano worked Monday through Friday for 11 hours each day with a meal break of a half hour."  (*Id.* ¶ 17a.)

- "Juliano worked five hours on Saturday for one or two Saturdays per month."  (*Id.* ¶ 18a.)

- "During his employment, Juliano worked 50-55 hours each week."  (*Id.*)

Plaintiffs allege that Defendants classified them as non-exempt from the overtime requirements of the FLSA and NYLL and paid them on an hourly basis.  (*Id.* ¶¶ 17b, 20b.)  Plaintiffs continue that "[e]xcept in limited circumstances, Defendants instructed Plaintiffs not to record more than 40 hours in any given workweek, notwithstanding their knowledge that Plaintiffs routinely worked in excess of 40 hours in given workweeks."  (*Id.* ¶ 22.)  They further allege that "Plaintiffs worked in excess of 40 hours in given workweeks" and "[d]uring their employment, Plaintiffs worked 10 or more hours every Monday through Friday."  (*Id.* 18b-19b.)

Plaintiffs have not identified a single specific workweek in which they claim they worked in excess of forty hours and were not paid a premium for such hours.  Plaintiffs also have not alleged the actual hours that they allegedly worked in any particular workweek.  Plaintiffs have not provided their rate(s) of pay during any period of their employment.

## ARGUMENT

The Amended Complaint contains three "Counts"—(I) a claim for unpaid overtime under the FLSA on behalf of Kuck, Juliano, and a proposed collective; (II) a claim for unpaid overtime under the NYLL on behalf of Juliano and a proposed class; and (III) a claim for a violation of NYLL Section 195(1) on behalf of Juliano and a proposed class.  Counts I and II of Plaintiffs' Complaint should be dismissed.

The Second Circuit and this Court require that FLSA claims for unpaid overtime be pleaded with specificity.  Despite having received Defendants' original motion to dismiss showing that Plaintiff failed to plead with sufficient specificity, Plaintiffs' Amended Complaint

3

still fails to allege legally sufficient facts in support of their claims of unpaid overtime. Allegations about the hours they generally worked "during [their] employment" are insufficient as a matter of law, warranting dismissal of Count I. Plaintiff Juliano's claim for unpaid overtime under the NYLL (Count II), is held to the same standard as claims under the FLSA and also should be dismissed.

## I.     Legal Standard

On a motion to dismiss pursuant to FRCP 12(b)(6), the Court must "accept[] all the factual allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff." *Doe v. Guthrie Clinic, Ltd.*, 710 F.3d 492, 495 (2d Cir.2013). Nonetheless, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A complaint must allege more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint that contains "no more than conclusions . . . [is] not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## II.    Plaintiffs Have Not Alleged Sufficient Facts to Support a Claim for Unpaid Overtime under the FLSA

Count I of the Amended Complaint should be dismissed because Plaintiffs have not alleged sufficient facts to support a claim for unpaid overtime under the FLSA. The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). In order to allege a claim for unpaid overtime under the

4

FLSA, "Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health System of Long Island*, 711 F.3d 106, 114 (2d Cir.2013).

Plaintiffs allegations about the hours they allegedly worked are insufficient to meet the Second Circuit's pleading standard for unpaid overtime claims. In *Lundy v. Catholic Health System of Long Island*, the Second Circuit set forth the "degree of specificity" sufficient for a claim for unpaid overtime under the FLSA. 711 F.3d at 114. It held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id.* Applying this standard, the Second Circuit affirmed dismissal of the plaintiffs' unpaid overtime claims, finding that their allegations about the hours they "typically," "often," or "occasionally" worked were insufficiently specific to show any given week in which they worked uncompensated time over 40 hours. *Id.* at 114-15.

Shortly after it decided *Lundy*, the Second Circuit issued its decision in *Nakahata v. New York–Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013) further clarifying the pleading standard for an unpaid overtime claim. In *Nakahata*, the Second Circuit held that to survive a motion to dismiss, a plaintiff must allege more than "the number of hours worked in a typical week and the alleged time worked without pay." *Id.* at 201. Rather, "[t]o plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.* The Second Circuit again upheld dismissal of unpaid overtime claims, finding the plaintiffs' allegations that "Plaintiffs and Class members regularly worked

5

hours both under and in excess of forty per week and were not paid for all of those hours" did not meet this standard. *Id.* at 199.

In *Dejesus v. HF Management Services, LLC*, 726 F.3d 85 (2013), decided a few months after the decisions in *Lundy* and *Nakahata*, the Second Circuit provided further clarity on a plaintiff's pleading burden. In *Dejesus*, the Second Circuit upheld dismissal of a plaintiff's claim where she alleged that "she worked more than forty hours per week during 'some or all weeks' of her employment and . . . was not paid at a rate of at least 1.5 times her regular wage for each hour in excess of forty hours." *Id.* at 86. The court in *Dejesus* stated that "*Lundy's* requirement that plaintiffs must allege overtime without compensation in a 'given' workweek, was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" *Id.* at 90 (quoting *Lundy*, 711 F.3d at 114). Rather, plaintiffs must "provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Dejesus*, 726 F.3d at 90 (quoting *Twombly*, 550 U.S. at 570).

Even in their Amended Complaint, Plaintiffs' allegations concerning the hours they generally worked "during [their] employment" are precisely the types of allegations that the Second Circuit rejected in *Lundy*, *Nakahata*, and *Dejesus*. Indeed, this Court has dismissed unpaid overtime claims based on strikingly similar allegations to those contained in the Amended Complaint. In *Ayala v. Looks Great Services, Inc.*, 14-CV-6035 ADS SIL, 2015 WL 4509133, at *8 (E.D.N.Y. July 23, 2015) (Spatt, J.) this Court dismissed an unpaid overtime claim in which the plaintiffs alleged, just as Plaintiffs here have alleged, that "[t]hroughout their employment by [the] Defendants, [the] Plaintiffs worked more than ten (10) hours from Monday through Saturday every workweek." *Id.* at *2. This Court found that plaintiff's complaint in *Ayala* "like the amended complaint in *Dejesus*, does not estimate the number of overtime hours

6

the Plaintiffs worked in any of or all the weeks they were employed." *Id.* at *8. Rather, the allegation "tracks the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." *Id.* (quoting *Dejesus*, 726 F.3d at 89.) The allegations here that "[d]uring his employment" "Kuck worked Monday through Saturday for 10 hours each day with a meal break of a half hour" and that "[d]uring his employment" "Juliano worked Monday through Friday for 11 hours each day with a meal break of a half hour [and] worked five hours on Saturday for one or two Saturdays per month" are nearly identical to those this Court dismissed as insufficient in *Ayala*. (Am. Compl. ¶¶ 11-13, 16a-18a.)

Plaintiffs here do not allege sufficient facts to allow the Court to do more than speculate as to what hours they claim were unpaid; per the cases cited above, that is insufficient as a matter of law. Other decisions in this Circuit support that conclusion. In *Amponin v. Olayan Am. Corp.*, 14 CIV. 2008 TPG, 2015 WL 1190080, at *1 (S.D.N.Y. Mar. 16, 2015), the court dismissed an unpaid overtime claim where the plaintiff alleged that she "generally worked from 9 a.m. to 7 p.m., and occasionally later." The plaintiff, "identif[ied] neither a specific week during which she worked more than forty hours, nor the specific number of hours she worked during any such week" requiring the court to "speculate as to whether plaintiff worked more than 40 hours in any particular week without receiving overtime pay." *Id.* at *3.

Similarly, in *Spiteri v. Russo*, 12-CV-2780 MKB RLM, 2013 WL 4806960, at *55 (E.D.N.Y. Sept. 7, 2013), *aff'd sub nom. Spiteri v. Camacho*, 622 Fed. App'x 9 (2d Cir. 2015), the plaintiff's claims for unpaid overtime were dismissed where he alleged that he "worked approximately fifty (50) to (60) hours per week." As the Court stated, plaintiff "concede[d] that he was paid some money for the time he worked, and given that Plaintiff only pleads hours in the

7

{00132859;4}

aggregate, the Court cannot determine which hours were not paid and whether any unpaid hours qualify for overtime payment." *Id.* at *56. *See also, e.g., Serrano v. I. Hardware Distributors, Inc.*, 14-CV-2488 PAC, 2015 WL 4528170, at *4 (S.D.N.Y. July 27, 2015) (dismissing FLSA claims where two plaintiffs alleged the "average" hours worked per week); *Perkins v. 199 SEIU United Healthcare Workers*, 73 F.Supp.3d 278, 289 (S.D.N.Y. 2014) (dismissing unpaid overtime claim where the plaintiff only alleged that "[a]t all relevant times' since 2008, he 'was assigned and actually worked more than 40 hours per week,' and that the [defendant] failed to pay him overtime compensation"); *Johnson v. Equinox Holdings, Inc.,* 13 CIV. 6313 RMB JLC, 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014) (granting motion to dismiss FLSA claim where plaintiff alleged that he "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock"); *Cromwell v. New York City Health and Hosps. Corp.*, 12 CIV. 4251 PAE, 2013 WL 2099252, at *4 (S.D.N.Y. May 15, 2013 (dismissing FLSA claim where the plaintiff's complaint "does not point to any *particular* workweek within the limitations period during which [the plaintiff] worked uncompensated time more than 40 hours").

Based on these cases, the allegations in the Amended Complaint are insufficient as a matter of law.

### III. Count II of the Amended Complaint Should Be Dismissed Because Juliano Has Failed to Allege Sufficient Facts to Support a Claim for Unpaid Overtime under the NYLL

Count II, brought by Plaintiff Juliano, seeks unpaid overtime under the NYLL and should be dismissed for the same reasons as Count I: Juliano has failed to allege facts supporting his claim for unpaid overtime with the specificity required by the Second Circuit. "[T]he NYLL adopts th[e] same standard" for payment of overtime as set forth in the FLSA. *Nakahata*, 723

8

F.3d at 200 (citing N.Y. Comp.Codes R. & Regs. tit. 12, § 142–2.2 (2011). The Second Circuit has held that its pleading standard for unpaid overtime claims applies equally to claims under the NYLL and has affirmed dismissal of NYLL claims on that basis. *Nakahata*, 723 F.3d at 201. For the reasons discussed in Section III, *supra*, Count II of the Amended Complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court dismiss Counts I and II of the Amended Complaint, and award other relief as the Court deems just and proper.

Dated: New York, New York  
       January 4, 2018

**KLEIN ZELMAN ROTHERMEL  
JACOBS & SCHESS LLP**

By:   /s/Jane B. Jacobs  
    Jane B. Jacobs  
    Jesse S. Grasty  
    Alexander W. Bogdan  
    485 Madison Avenue, Suite 1301  
    New York, New York 10022  
    (Tel) 212-935-6020  
    jbjacobs@kleinzelman.com

*Attorneys for Defendant*