UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                           :

KENNETH KUCK and ANTHONY JULIANO,   :
Individually, and on Behalf of All Others        :
Similarly Situated,                                  :
                                                           : Case No. 2:17-cv-04769-ADS-GRB
                   Plaintiffs,                             :

                    *-against-*                           :

PLANET HOME LENDING, LLC and          :
MICHAEL DUBECK                             :

                   Defendants.                      :
------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO
DISMISS COUNTS I AND II OF THE SECOND AMENDED COMPLAINT**

Defendants Planet Home Lending, LLC and Michael Dubeck ("Defendants), by their attorneys, Klein Zelman Rothermel Jacobs & Schess LLP, respectfully submit this memorandum in support of their Motion for Reconsideration of the Court's February 27, 2018 Order, seeking the Court's ruling on the substantive issues raised in its second Motion to Dismiss. In the alternative, Defendants ask the Court to consider this as a third Motion to Dismiss Counts I and II of the Second Amended Complaint.

## PRELIMINARY STATEMENT

This case has an exceptionally large number of preliminary pleadings. Plaintiffs have filed a Complaint and two Amended Complaints. Defendants have filed two motions to dismiss. On February 27, 2018, this Court issued an Order denying Defendants' second motion to dismiss, believing it to be moot because Plaintiffs had filed the Second Amended Complaint after the second motion to dismiss was filed. The Court suggested that Defendants could file another motion to dismiss if they believed that the Second Amended Complaint suffered the same infirmities.

In fact, the Second Amended Complaint merely corrected numbering errors and did not contain any other changes. The Second Amended Complaint did not moot the second motion in any way. Because of the apparent confusion, and because Defendants do not believe that the Court has addressed the second motion, Defendants respectfully request reconsideration, specifically a decision on the substantive arguments made in Defendants' second Motion to Dismiss. In the alternative, Defendants request that the Court treat this as Defendants' third Motion to Dismiss Counts I and II of the Second Amended Complaint for the reasons set forth in Defendants' previously filed papers.

Counsel for Defendants have conferred with counsel for Plaintiffs and Plaintiffs oppose Defendants' request for reconsideration.

## PROCEDURAL HISTORY

The procedural history of the case is as follows:

- On August 15, 2017, Plaintiff Kuck filed his initial Complaint. (DE 1.)

- On October 18, 2017, Defendants moved to dismiss the initial Complaint because Plaintiff Kuck failed to allege sufficient facts to support his claims for unpaid overtime and because he signed a valid release waiving all state law claims against Defendants. (DE 23.)

- On November 20, 2017, in lieu of responding to Defendants' Motion to Dismiss, Plaintiff Kuck and newly-named Plaintiff Juliano filed an Amended Complaint containing additional allegations and adding Plaintiff Juliano as a named Plaintiff. (DE 26.) Filing the Amended Complaint rendered the first Motion to Dismiss moot.

- On January 4, 2018, Defendants filed a second Motion to Dismiss Counts I and II of the Amended Complaint, arguing that the Amended Complaint still failed to allege sufficient facts to support their claims for unpaid overtime. (DE 28.)

- On January 10, 2018, at the request of the Court, Plaintiffs filed a Second Amended Complaint solely to correct numbering errors. (DE 29.) In a footnote to their Second Amended Complaint, Plaintiffs stated "Per the directives of the court clerk, Plaintiffs are filing the instant Corrected Amended Complaint for the sole purpose of correcting a paragraph numbering error in their original Amended Complaint. No substantive changes were made." (*Id.* n.1)

  The second Amended Complaint was not filed pursuant to Federal Civil Procedure 15(a)(1)(b), as stated in the Court's February 27, 2018 Order. Rather, Plaintiffs previously had amended their complaint once as of right as allowed by Rule 15 when they filed the November 20, 2017 Amended Complaint in response to Defendants' first Motion to Dismiss. (DE 26.)

- On January 18, 2018, eight days after they filed the second Amended Complaint, Plaintiffs filed their Opposition to Defendants' second Motion to Dismiss. (DE 32.) On January 25, 2018, Defendants filed a Reply in further support of the second Motion to Dismiss. (DE 35.)

  Both parties understood that the second Motion to Dismiss remained pending and continued briefing the motion after the Second Amended Complaint was filed.

2

- On February 28, 2018, the Court issued an Order denying DE 28, which was Defendants' *second* Motion to Dismiss. It did so because Plaintiffs had filed the Second Amended Complaint (DE 29), which the Court believed rendered the second Motion to Dismiss moot; however, the Second Amended Complaint did not contain any substantive change, only corrected paragraph numbering. The Second Amended Complaint did not moot the Second Motion to Dismiss.

    In its February 28, 2018 Order, the Court added, "Of course, this does not prevent the Defendants from filing a motion to dismiss the second amended complaint." As the most recent complaint containing substantive amendments had been filed before the motion to dismiss, Defendants had already filed the motion suggested by the Court, which was not decided on the merits.

## ARGUMENT

Local Civil Rule 6.3 provides a vehicle for a litigant to seek reconsideration of an order. A moving party must "point to controlling decisions or data that the court overlooked." *Bell Sports, Inc. v. System Software Associates, Inc.*, 71 F. Supp. 2d 121, 125 (E.D.N.Y. 1999) (Spatt, J.) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).

The Court should reconsider the Order and consider Defendants' Motion to Dismiss on the merits because the second Amended Complaint filed by Plaintiffs made no substantive changes to the allegations contained in the first Amended Complaint. Rather, as Plaintiffs stated in a footnote in their second Amended Complaint, that filing was made at the request of the Court only to correct numbering errors in their first Amended Complaint. (Docket Entry ("DE") 29 n.1.) Plaintiffs did not address the substantive arguments set forth in Defendants' Second Motion to Dismiss.

As noted, after Plaintiffs filed their second Amended Complaint on January 10, the parties continued the briefing of Defendants' still-pending second Motion to Dismiss. Both parties understood that there was a "live" motion to dismiss the Amended Complaint that was unaffected by the ministerial changes in the Second Amended Complaint. On January 18, 2018, eight days after they filed the second Amended Complaint, Plaintiffs filed their Opposition to

3

{00133756;2}

Defendants' second Motion to Dismiss. (DE 32.) In their Opposition, Defendants noted that they had filed a new Amended Complaint "for the sole purpose of correcting a paragraph numbering error," and addressed the substantive arguments Defendants' raised concerning the sufficiency of their allegations in the Amended Complaint. (*Id.* at 3-4.) Plaintiffs did not argue in their Opposition that Defendant's second Motion to Dismiss became moot after they filed a new Amended Complaint to correct numbering errors. Thereafter, on January 25, 2018, Defendants timely filed a Reply in further support of the Motion to Dismiss. (DE 35.)

Thus, as Plaintiffs did not make any substantive changes to the allegations contained in their Amended Complaint, Defendants' Motion to Dismiss Counts I and II of the Amended Complaint should not be considered moot. Defendants respectfully submit that the Court should reconsider its Order and grant Defendants' Second Motion to Dismiss and Dismiss Counts I and II of the Second Amended Complaint.

Alternatively, in its Order, the Court invited Defendants to file a motion to dismiss Plaintiffs' second-filed Amended Complaint. Should the Court decline to reconsider its Order, Defendants request that the Court consider this Motion its Motion to Dismiss, incorporating the arguments set forth in Defendants' prior filed papers. (DE 28, 35.)

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court reconsider its February 27, 2018 Order and, upon reconsideration on the merits, grant Defendants' Motion to Dismiss Counts I and II of the Second Amended Complaint. In the alternative, Defendants request the Court consider this its Motion to Dismiss Plaintiffs' Second Amended Complaint incorporating the arguments Defendants' made in their papers filed in support of their prior Motion to Dismiss.

| | |
|---|---|
| Dated: New York, New York<br>March 7, 2018 | **KLEIN ZELMAN ROTHERMEL<br>JACOBS & SCHESS LLP**<br><br>By:   /s/Jane B. Jacobs<br>    Jane B. Jacobs<br>    Alexander W. Bogdan<br>    485 Madison Avenue, Suite 1301<br>    New York, New York 10022<br>    (Tel) 212-935-6020<br>    jbjacobs@kleinzelman.com<br>    *Attorneys for Defendants* |