**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
KENNETH KUCK, and ANTHONY JULIANO,
Individually, and on Behalf of All Others v
Similarly Situated,                           **MEMORANDUM OF**
                                                                    **DECISION & ORDER**
                    Plaintiffs,             2:17-cv-04769 (ADS)(GRB)

        -against-

PLANET HOME LENDING, LLC and
MICHAEL DUBECK,

                   Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Erik H. Langeland, P.C.**
*Attorneys for the Plaintiffs*
733 Third Avenue, 15th Floor
New York, NY 10017
        By:     Eric Harald Langeland, Esq., Of Counsel.

**Stephan Zouras, LLP**
*Attorneys for the Plaintiffs*
205 N Michigan Ave, Suite 2560
Chicago, IL 60601
        By:     James B. Zouras, Esq.,
                 Ryan F. Stephan, Esq.,
                 Catherine T. Mitchell, Esq., Of Counsel.

**Klein Zelman Rothermel Jacobs & Schess LLP**
*Attorneys for the Defendants*
485 Madison Avenue, 15th Floor
New York, NY 10022
        By:     Jane Blair Jacobs, Esq.,
                 Alexander William Bogdan, Esq.,
                 Jesse Grasty, Esq., Of Counsel.

**SPATT, District Judge**:

        Presently before the Court is a motion by defendants Planet Home Lending, LLC and

Michael Dubeck (the "Defendants"), pursuant to Local Civil Rule 6.3, seeking reconsideration of

the Court's February 27, 2018 Order (the "Order") denying their January 8, 2018 motion to dismiss, ECF 28, the first amended complaint filed on November 20, 2017, ECF 26 (the "First Amended Complaint"), by plaintiffs Kenneth Kuck ("Kuck") and Anthony Juliano ("Juliano") (collectively, the "Plaintiffs") as moot, or, in the alternative, to dismiss the second amended complaint filed on January 10, 2018, ECF 29 (the "Second Amended Complaint").

For the following reasons, the Court reconsiders the Order, but nonetheless denies the Defendants' motion to dismiss.

## I. BACKGROUND

### A. THE RELEVANT FACTS

The Plaintiffs are former loan officers employed by the Defendants. ECF 29 ¶¶ 8–9, 17–18. They bring this action on behalf of themselves and other similarly situated loan officers alleging that the Defendants willfully denied them overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Articles 6 and 19 of the New York Labor Law and the New York Codes, Rules, and Regulations Subpart 142-2.2, 12 NYCRR 142 ("NYLL").

According to the Second Amended Complaint, the Plaintiffs' job duties (the origination of mortgage loans) required them to work in excess of 40 hours each workweek for the Defendants' benefit, ECF 29 at ¶¶ 9, 11–13, 18, 20–22, 27–28, including interacting with potential borrowers by telephone and email six days a week. *Id.* ¶¶ 9–10, 18–19. Further, the Plaintiffs claim that the Defendants knowingly failed to pay them overtime pay for any of their overtime hours worked. *Id.* ¶¶ 32, 38, 57–58, 64–65.

With respect to amount and frequency of his unpaid overtime worked, Kuck alleges as follows:

2

> 10. During his employment, Kuck worked six days a week.
>
> 11. During this time, Kuck worked Monday through Saturday for 10 hours each day with a meal break of a half hour.
>
> 12. During his employment, Kuck worked 50-55 hours each week.

ECF 29 at ¶¶10–12.

With respect to amount and frequency of his unpaid overtime worked, Juliano alleges as follows:

> 20. During his employment, Juliano worked at least five days a week and worked one or two Saturdays per month.
>
> 21. During this time, Juliano worked Monday through Friday for 11 hours each day with a meal break of a half hour. Juliano worked five hours on Saturday for one or two Saturdays per month.
>
> 22. During his employment, Juliano worked 50-55 hours each week.

*Id.* ¶¶20–22.

**B. PROCEDURAL BACKGROUND**

On August 15, 2017, Kuck filed the initial complaint. ECF 1 (the "Initial Complaint").

On October 18, 2017, the Defendants moved to dismiss the Initial Complaint claiming that Kuck failed to allege sufficient facts to support his claims for unpaid overtime and because he signed a valid release waiving all state law claims against the Defendants. ECF 23.

On November 20, 2017, in lieu of responding to the motion to dismiss, Kuck and newly-named Juliano filed the First Amended Complaint containing additional allegations and adding Juliano as a named plaintiff. ECF 26.

On January 4, 2018, the Defendants filed a second motion to dismiss Counts I and II of the Amended Complaint, arguing that the Amended Complaint still failed to allege sufficient facts to support their claims for unpaid overtime. ECF 28.

On January 10, 2018, the Plaintiffs filed the Second Amended Complaint, ECF 29, "[p]er the directives of the court clerk . . . for the sole purpose of correcting a paragraph numbering error in their original Amended Complaint." ECF 29 n.1. "No substantive changes were made." *Id.*

On January 18, 2018, the Plaintiffs filed their opposition to the Defendants' second motion to dismiss. ECF 32. The Defendants replied on January 25, 2018. ECF 35.

On February 28, 2018, the Court issued the Order denying the second motion to dismiss as moot. In issuing the Order, the Court stated: "it appears that the Plaintiff has addressed the Defendants' arguments contained in their motion to dismiss. Of course, this does not prevent the Defendants from filing a motion to dismiss the second amended complaint." February 28, 2018 Electronic Order.

On March 7, 2018, the Defendants filed the instant motion seeking reconsideration of the Order, or, in the alternative, dismissal of the Second Amended Complaint based on the papers submitted in favor of dismissing the First Amended Complaint.

## II. DISCUSSION

### A. THE MOTION FOR RECONSIDERATION

Local Civil Rule 6.3 permits a party to move for reconsideration of a court order within 14 days after the entry of the Court's determination of the original motion. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956

F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Of importance, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The Court will reconsider the Order, because the court apparently overlooked the fact that the Second Amended Complaint only corrected clerical errors in the First Amended Complaint. To the extent that it expressed that the revisions in the Second Amended Complaint addressed the merits of the motion to dismiss the First Amended Complaint, the Court was incorrect. That being said, the Court now finds that the consequences of this misstatement were *de minimis*, considering that the Court granted the Defendants leave to seek dismissal of the Second Amended Complaint. With this in mind, the Court will treat the Defendants' January 18, 2018 motion to dismiss as a motion to dismiss the Second Amended Complaint on the merits.

**B. THE MOTION TO DISMISS**

    **1.    The Legal Standard on a Motion to Dismiss**

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court generally "'accept[s] all allegations in the complaint as true and draw all inferences in the nonmoving party's favor.'" *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir.2009) (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003)). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" to survive a 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twomly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In particular, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

5

S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted); *Luna v. N. Babylon Teacher's Org.*, 11 F.Supp.3d 396, 401 (E.D.N.Y. Apr. 7, 2014) (Spatt, J.) ("Conclusory allegations of legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.") (citing *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir.2006)).

2. Application

The FLSA "mandates that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir.2013) (citing 29 U.S.C. § 207(a) (2006)). "[T]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA," and the pleading standards for FLSA overtime claims "apply equally to ... NYLL state law claims." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 n.5 (2d Cir.2013); *see also Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 465 n.2 (E.D.N.Y. 2015) ("Overtime claims under the FLSA and NYLL are subject to the same standards.") (citing *Dejesus*, 726 F.3d at 89 n.5).

The resolution of this motion revolves around the proper interpretation of three inter-related Second Circuit decisions articulating the pleading standard in FLSA overtime cases, namely, *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013), and *Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 88–89 (2d Cir. 2013). As the Court will explain, the Second Amended Complaint adequately cleared the thresholds established by the Second Circuit in these decisions.

"Prior to the decision in *Lundy*, [the Second Circuit] had not considered the degree of specificity necessary to state an FLSA overtime claim." *Nakahata*, 723 F.3d at 200. After reviewing the disparate case law on this question, *Lundy* "conclude[d] that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 14. The Second Circuit also observed that "[d]etermining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937). The Second Circuit therefore declined to make an approximation of overtime hours a necessity in all cases, but stated that an approximation "may help draw a plaintiff's claim closer to plausibility." *Id.* at 114 n.7. Applying that standard, the Second Circuit reasoned that the *Lundy* plaintiffs failed to allege that they worked uncompensated overtime because, although the employees went to some lengths to approximate the hours they typically worked, even setting out their typical breaks and shift lengths, the hours alleged did not add up to a claim that over forty hours had been worked in any particular week. *Id.* at 114–15.

Very soon after *Lundy*, the Second Circuit revisited the issue in *Nakahata*, where the plaintiffs also alleged uncompensated work during meal breaks, training sessions, and extra shift time as evidence of an overtime violation without demonstrating how these instances added up to forty or more hours in a given week. *Nakahata*, 723 F.3d at 201. The Second Circuit affirmed dismissal of the allegations as the complaint "contain[ed] no similar specificity" as related to the *Lundy* plaintiffs and "merely alleged that they were not paid for overtime hours worked." *Id.*

Finally, in *Dejesus*, also decided in the same year, the Second Circuit expounded on its holdings in *Lundy* and *Nakahata*. It wrote that the *Lundy* plaintiffs failed to allege they worked

7

uncompensated overtime, because the hours alleged by the plaintiffs fell short of adding up "to a claim that over forty hours had been worked in any particular week. The allegations in *Lundy* thus failed because of arithmetic: tallying the plausible factual allegations, [the Second Circuit] could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime." *Dejesus*, 726 F.3d at 88–89. As for *Nakahata*, the Second Circuit characterized the holding there as arising from the fact "that the allegations lacked the 'specificity' required"; although "they 'raise[d] the possibility' of an overtime claim, 'absent any allegation that Plaintiffs were scheduled to work forty hours in a given week,' they did not state a plausible claim for relief." *See id.* at 89 (quoting *Nakahata*, 723 F.3d at 201).

Applying these principals, the Second Circuit affirmed the dismissal of the *Dejesus* complaint, since she "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Id*. The Second Circuit considered these allegations to be "so threadbare or speculative that [they] fail[ed] to cross the line between the conclusory and the factual." *Dejesus*, 726 F.3d at 89.

After reviewing this trio of decisions, the Court wholeheartedly concurs with the synthesis of the Second Circuit's holdings provided in *Chime v. Peak Security Plus, Inc.*, 137 F. Supp. 3d 183 (E.D.N.Y. 2015). As Judge Pohorelsky explained:

> The most salient corollary from the *Lundy–Nakahata–Dejesus* triumvirate is that an FLSA plaintiff must provide a certain degree of specificity as to uncompensated hours worked during a particular week. This is reflected in the pivotal passages from each case. *Lundy* wrote that "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours," 711 F.3d at 114, and *Nakahata* provided that "absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for such relief.... Plaintiffs must provide sufficient detail . . . to support a reasonable inference that they worked more than forty hours in a given meek." 723 F.3d at 201. *Dejesus* explained that the claims in *Lundy* failed "because of arithmetic: tallying the plausible factual allegations, we could not get beyond forty hours in any given week," 726 F.3d at 88–89, and the *Nakahata* complaint was deficient in that it lacked "any allegation that Plaintiffs were

8

> scheduled to work forty hours in a given week." *Id.* at 89 (quoting *Nakahata*, 723 F.3d at 201) (all emphases added).

*Id.* at 196–97; *see also Tanski v. AvalonBay Communities, Inc.*, No. 15-cv-6260, 2016 WL 8711203, at *8 (E.D.N.Y. Sept. 30, 2016)

With these principles in mind, the Court finds this case distinguishable from the allegations at issue in *Lundy*, *Nakahata*, and *Dejesus*. In those cases, the complaints lacked sufficient factual information for the court to determine that in a particular week the plaintiffs both worked more than 40 hours and the defendant failed to pay overtime wages. In *Lundy* and *Nakahata*, the plaintiffs alleged that they were scheduled to work 40 hours or less per week but exceeded the 40 hour threshold due to uncompensated work during breaks, training sessions, and additional shifts. *Lundy*, 711 F.3d at 114–15; *Nakahata*, 723 F.3d at 201. In *Dejesus*, the plaintiff merely repeated the statutory language, without providing additional factual information. *Dejesus*, 726 F.3d at 86.

Here, the Plaintiffs are not merely claiming that they "occasionally," "typically," or "regularly" worked more than 40 hours in some weeks. Rather, the Second Amended Complaint alleges that the Plaintiffs worked 50-55 hours during every single week of their employment. ECF 29 ¶¶ 13, 22. From August 3, 2013 through July 22, 2017, Kuck worked 10 hours each day, with a half hour meal break, six days a week without receiving overtime compensation. *Id.* ¶¶ 6, 11–12. From October 13, 2014 through January 15, 2017, Juliano worked 11 hours a day, with a half hour meal break, each week, and one or two additional five-hour days per month without receiving overtime compensation. *Id.* ¶¶ 15, 20–21. In other words, the Second Amended Complaint claims that every week between August 3, 2013 and July 22, 2017, for Kuck, and every week between October 13, 2014 and January 15, 2017, for Juliano, constitutes a "given workweek" for which they are entitled to overtime pay.

9

These allegations clearly satisfy the Second Circuit's edict that a complaint contain specificity as to as to uncompensated hours worked during a particular week. *See Smith v. Mercy Med. Ctr.*, No. 16-cv-1814, 2017 WL 3017194, at *6 (E.D.N.Y. June 6, 2017*)* ("Smith alleges that, despite working in excess of forty (40) hours per week every week, Defendants only paid her for the first forty (40) hours that she worked in violation of the FLSA and NYLL. As Plaintiff alleges a specific number of hours in excess of forty (40) that she worked every week, including the number of days per week and month that she worked hours in excess of those for which she was actually scheduled to work, she plausibly alleges that she is entitled to unpaid overtime compensation under the FLSA and NYLL"); *Neil v. Sidney W. Barbanel Consulting Eng'r LLC*, No. 12-cv-4061, 2014 WL 3907909, at *4 (E.D.N.Y. Aug. 11, 2014) ("Because Plaintiff alleges to have worked up to 62 hours a week, without any time off, each and every week, she has established that she allegedly worked in excess of the forty hour workweek, in violation of FLSA § 207(a)(1)."); *Shen v. John Doe Corp.*, No. 16-cv-2015, 2016 WL 7217850, at *5 (S.D.N.Y. Dec. 13, 2016) ("[T]he complaint alleges that the plaintiffs worked thirty-two hours of overtime and were not compensated for that time in every week that they worked for the defendants. . . [T]he complaint contains the specific language regarding numerous weeks of uncompensated overtime that the Second Circuit found lacking in *Lundy*."), *report and recommendation adopted*, 2017 WL 111746 (S.D.N.Y. Jan. 11, 2017); *Perry v. City of New York*, No. 13-cv-1015, 2013 WL 6641893, at *3 (S.D.N.Y. Dec. 17, 2013) ("Plaintiffs clearly 'get beyond' the forty hour requirement . . . in every week of the year for those in Platoon D.").

Further, the facts in this case are distinguishable from the cases string-cited by the Defendants, which dismissed claims based on mere generalizations of the amount of time worked. *See Amponin v. Olayan Am. Corp.*, No. 14-cv-2008, 2015 WL 1190080, at *3 (S.D.N.Y. Mar. 16,

2015) (dismissing complaint alleging that plaintiff "generally work[ed] from 9 a.m. to 7 p.m., and 'occasionally later'" but identified "neither a specific week during which she worked more than forty hours, nor the specific number of hours she worked during any such week"); *Spiteri v. Russo*, No. 12-cv-2780, 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013) (dismissing case where "plaintiff has only generally alleged that '[d]uring the time relevant herein, Plaintiff worked approximately fifty (50) to (60) hours per week' and then alleged an aggregate number of hours worked on each case" because the plaintiff conceded he was paid, and thus the Court could not determine which hours were not paid and whether any unpaid hours qualify for overtime); *Serrano v. I. Hardware Distributors, Inc.*, No. 14-cv-2488, 2015 WL 4528170, at *4 (S.D.N.Y. July 27, 2015) (dismissing FLSA claims where two plaintiffs alleged the "average" hours worked per week because they constituted "conclusory assertion[s], without any supporting factual context," that they "worked some number of excess hours in some unidentified week."); *Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313, 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014) (dismissing claim where plaintiff "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock"); *Cromwell v. New York City Health & Hosps. Corp.*, No. 12-cv-4251, 2013 WL 2099252, at *4 (S.D.N.Y. May 15, 2013) (dismissing complaint alleging that the plaintiff was "'typically' scheduled for five shifts per week and worked an extra shift 'approximately twice a month.'").

The complaint in this case also differs from the cases which Defendants point to finding that mere repetitions of the statutory language, without any additional factual context about the number of hours worked, fails to state a claim. *See Ayala v. Looks Great Servs., Inc.*, No. 14-cv-6035, 2015 WL 4509133, at *8 (E.D.N.Y. July 23, 2015) (Spatt, J.) (dismissing complaint merely alleging that "[t]hroughout [the Plaintiffs'] employment by [the] Defendants, [the] Plaintiffs

worked more than ten (10) hours from Monday through Saturday every workweek"); *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 289 (S.D.N.Y. 2014) (dismissing complaint only alleging that plaintiff "was assigned and actually worked more than 40 hours per week"). Unlike these cases, the Second Amended Complaint here sets forth a specific range of time that the Plaintiffs worked above the 40-hour threshold every week.

Applying *Lundy*, *Nakahata*, and *Dejesus* as the Defendants suggest would produce an anomalous result. Plaintiffs would be unable to pursue claims for FLSA overtime violations based on allegations that their employer systematically denied them overtime pay over the course of their entire employment. The Second Circuit certainly could not have intended such an outcome, as it would deny relief to the plaintiffs most worthy of an FLSA claim. *See Gayvoronskaya v. Americare, Inc.*, No. 15-cv-6641, 2018 WL 4378162, at *4 (E.D.N.Y. Mar. 26, 2018) ("That Fialko alleges that she worked five days a week, every week, for a three year period from 2011 to 2013 as a live in attendant does not mean that the pleading is insufficient, vague or tethered in generality . . . *Dejesus* does not preclude a plaintiff from proceeding with an FLSA claim based on an allegation that her work was consistent across a given time period.").

Therefore, the Court denies the Defendants' motion to dismiss in its entirety.

### III. CONCLUSION

For the foregoing reasons, the Court grants the Defendants motion to reconsider, and denies the motion to dismiss.

It is **SO ORDERED**:

Dated: Central Islip, New York

December 7, 2018

___/s/ Arthur D. Spatt__

ARTHUR D. SPATT

United States District Judge
