# Exhibit C
# (to Exhibit 2)

## CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Class and Collective Action Settlement Agreement ("Agreement") is made and entered into by and between the Named Plaintiffs KENNETH KUCK and ANTHONY JULIANO on behalf of themselves and each Class Member, and Defendants PLANET HOME LENDING, LLC and MICHAEL DUBECK in order to completely settle and resolve the Lawsuit (as defined below) in accordance with the terms set forth in this Agreement.

**I.     DEFINITIONS**

A.     "Administrative Costs" means the actual and direct costs reasonably related to and charged by the Settlement Administrator arising from administration of the settlement, including and not limited to distributing the Notice Materials to the Settlement Class (as applicable), receiving and processing Opt-Out Forms and objections to the Settlement, if any, postage/other costs, and calculating and distributing payments under the Settlement.

B.     "Agreement" means this document and all of the attachments hereto, expressly incorporated into this document by reference as though fully set forth herein.

C.     "Class Counsel" refers to the following law firm/attorneys who are counsel for Named Plaintiffs and the Settlement Class Members: James B. Zouras and Ryan F. Stephan, Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, IL 60606; and Erik H. Langeland, The Law Offices of Erik H. Langeland, 733 Third Avenue, 15th Floor, New York, NY 10017.

D.     "Court" means the United States District Court for the Eastern District of New York.

E.     "Defendants" means PLANET HOME LENDING, LLC and MICHAEL DUBECK.

F.     "Effective Date" means the date upon which all of the following have occurred: (a) entry of the Final Approval Order; and (b) the expiration of the appeal rights of all Parties, which is thirty (30) days after entry of the Final Approval Order provided that no appeal has been filed.

G.     "Fee and Expense Award" means any award of attorneys' fees and reasonable

{00137922;1} 1

Doc ID: accdb5f478774c289946d2b7851ee93459151214

costs/expenses authorized by the Court to be paid to Class Counsel for the services that Class

Counsel has rendered to the Named Plaintiffs and the Settlement Class Members in the Lawsuit,

including all attorneys' fees and costs/expenses that may arise in the future in connection with this

Agreement, including, without limitation, seeking Court approval of the Agreement, and the notice

process.

H.    "Final Approval Hearing" means the hearing contemplated by the Parties at which the

Court grants: final approval of the Settlement; the Fee and Expense Award to Class Counsel;

Service Payments to Named Plaintiffs; and the Administrative Costs to the Settlement

Administrator, and makes such other final rulings as are contemplated by the Settlement.

I.    "Final Approval Order" means the Court's order granting final approval of this Agreement

on the terms provided herein, or as those terms may be modified by subsequent written agreement

of the Parties, and dismissing the Lawsuit without prejudice, which shall convert to with prejudice

on the date Planet deposits the settlement funds into the settlement account to be established by

the Settlement Administrator.

J.    "Florida Class Member," for settlement purposes only, refers to any individual who worked

for Planet as Retail Retention MLOs (sometimes referred to as Mortgage Loan Originators or

Mortgage Loan Officers) in Planet's Tampa, Florida premises at any time between August 13,

2015 and the present. Florida Class Members shall include Opt-In Plaintiffs, as applicable.  For

settlement purposes only, and without commenting on whether he was a Retail Retention MLO

within the applicable time period, the parties agree that Justin Cloonen shall be included as a

Florida Class Member. Florida Class Members are treated as a class for the purposes of settlement

only.  Defendants do not admit or concede that class treatment is appropriate for any other

purposes. Florida Class Members are those individuals listed in **Exhibit A**, attached hereto, who

Doc ID: accdb5f478774c289946d2b7851ee93459151214

will receive the Notice of Collective Action Settlement, as defined in §I(Q).

K.     "FLSA Collective Member" refers to any individual who worked for Planet as Retail Retention MLOs (sometimes referred to as Mortgage Loan Originators or Mortgage Loan Officers) in Planet's Melville, New York and/or Tampa, Florida premises at any time between August 13, 2015 and the present. FLSA Collective Members shall include Named Plaintiffs and Opt-In Plaintiffs, as applicable.   For settlement purposes only, and without commenting on whether they were a Retail Retention MLO within the applicable time period, the parties agree that Amanda Serravite and Justin Cloonen shall be included as FLSA Collective Members.  FLSA Collective Members are treated as a final collective for the purposes of settlement only. Defendants do not admit or concede that final collective treatment is appropriate for any other purposes.

L.     "Lawsuit" means the civil action captioned *Kuck, et al. v. Planet Home Lending, LLC and Michael Dubeck,* Case No. 17-cv-04769 filed in the United States District Court for the Eastern District of New York.

M.     "Named Plaintiffs" means Kenneth Kuck and Anthony Juliano.

N.     "New York Class Member," for settlement purposes only, refers to any individual who worked for Planet as Retail Retention MLOs (sometimes referred to as Mortgage Loan Originators or Mortgage Loan Officers) in Planet's Melville, New York premises at any time between August 15, 2011 and the present.  New York Class Members shall include Named Plaintiffs and Opt-In Plaintiffs, as applicable.  For settlement purposes only, and without commenting on whether she was a Retail Retention MLO, the parties agree that Amanda Serravite shall be included as a New York Class Member. New York Class Members are treated as a class for the purposes of settlement only.   Defendants do not admit or concede that class treatment is appropriate for any other

Doc ID: accdb5f478774c289946d2b7851ee93459151214

purposes.  New York Class Members are those individuals listed in **Exhibit B**, attached hereto, who will receive the Notice of Class and Collective Action Settlement and accompanying Opt-Out Form, as defined in §I(P).

O.      "Notice Materials" collectively refers to the Notice of Collective Action Settlement, the Notice of Class and Collective Action Settlement, the Opt-Out Form, and the Opt-In Notice of Settlement.

P.      "Notice of Class and Collective Action Settlement" means the notice of class and collective action settlement to be directed to all New York Class Members, with the exception of Opt-In Plaintiffs and Named Plaintiffs.  Assuming it is approved by the Court, the Notice of Class and Collective Action Settlement, together with the Opt-Out Form, shall be substantially in the form contained in **Group Exhibit C** attached hereto, which is approved by the Parties and to be submitted to the Court for approval.

Q.      "Notice of Collective Action Settlement" means the notice of FLSA collective action settlement to be directed to all Florida Class Members, with the exception of Opt-In Plaintiffs and Named Plaintiffs, affording them the opportunity to object to the Settlement.  Assuming it is approved by the Court, the Notice of Collective Action Settlement shall be substantially in the form contained in **Exhibit D** attached hereto, which is approved by the Parties and to be submitted to the Court for approval.

R.      "Objection/Exclusion Deadline" means the date that is forty-five (45) days after the date on which the Settlement Administrator first mails the Notice Materials to the Settlement Class Members (as applicable).

S.      "Opt-In Notice of Settlement" means the notice of settlement to be directed to all Opt-In Plaintiffs.  Assuming it is approved by the Court, the Opt-In Notice of Settlement shall be

Doc ID: accdb5f478774c289946d2b7851ee93459151214

substantially in the form contained in **Exhibit E** attached hereto, which is approved by the Parties and to be submitted to the Court for approval.

T.     "Opt-In Plaintiffs" means the 24 individuals listed in **Exhibit F** attached hereto, besides the Named Plaintiffs, who previously filed an Opt-In Consent Form to join this Lawsuit.

U.     "Opt-Out Form" means the form directed to all New York Class Members who have not previously opted-in to the Lawsuit, affording them the opportunity to opt-out of the Settlement. Assuming it is approved by the Court, the Opt-Out Form, together with the Notice of Settlement, shall be substantially in the form contained in **Group Exhibit C** attached hereto, which is approved by the Parties and to be submitted to the Court for approval.

V.     "Parties" means the Named Plaintiffs and Defendants.

W.     "Planet" means Defendant PLANET HOME LENDING, LLC.

X.     "Preliminary Approval Order" means the Court's order pursuant to Section 216(b) of the FLSA and Rule 23 of the Federal Rules of Civil Procedure granting preliminary approval of this Settlement on the terms provided herein, or as those terms may be modified by subsequent mutual written agreement of the Parties.

Y.     "Net Settlement Amount" means the Settlement Amount minus Class Counsel's Fee and Expense Award, Administrative Costs, and the Service Payments to the Named Plaintiffs.

Z.     "Released Parties" means Defendant PLANET HOME LENDING, LLC and each of its current and former parents, subsidiaries, owners, investors, divisions, and corporate affiliated individuals and entities, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), and each and all of their respective current and former officers, partners, directors, owners, investors, shareholders, members, managers, principals, employees, representatives, and attorneys, past and present, and all persons acting under, by, through, or in

Doc ID: accdb5f478774c289946d2b7851ee93459151214

concert with any of them, including but not limited to Defendant MICHAEL DUBECK, all in their corporate and individual capacities.

AA.    "Settlement" means the terms and conditions set forth in this Agreement.

BB.    "Settlement Administrator" refers to Atticus Administration, LLC, the settlement administrator selected by Plaintiffs to undertake the settlement administration process, including and not limited to mailing of the Notice of Settlement to the Class Members, receiving and processing Opt-Out Forms and objections to the Settlement, if any, and distributing the Settlement Amount.

CC.    "Settlement Amount" means the amount of Four Hundred and Twelve Thousand, Five Hundred Dollars ($412,500.00), which shall be the maximum amount that Planet alone, with no contribution from Michael Dubeck, shall pay to settle this Lawsuit as set forth herein.   The Settlement Amount shall be used to satisfy all of the following, as approved by the Court: (1) Class Counsel's Fee and Expense Award; (2) the Settlement Administrator's Administrative Costs; (3) all Settlement Award payments to Class Members; and (4) Service Payments to each Named Plaintiff.

DD.    "Service Payment" means the payment in the amount of $7,500 ($15,000 total) to each Named Plaintiff, subject to approval by the Court, for a general release of their claims against the Released Parties and their efforts for the benefit of all Class Members, including assisting Class Counsel with the prosecution of the Lawsuit.

EE.    "Settlement Class" or "Settlement Class Member(s)" or "Class Member(s)" means: Named Plaintiffs; all Opt-In Plaintiffs; all FLSA Collective Members; all Florida Class Members; and all New York Class Members.   Settlement Class Members are treated as a class for the purposes of settlement only.   Defendants do not admit or concede that class treatment is appropriate for any

Doc ID: accdb5f478774c289946d2b7851ee93459151214

other purposes.

FF.     "Settlement Award" means the proportionate share of the Settlement Amount that
Settlement Class Members are eligible to receive if they do not exclude themselves from the
Settlement. The Settlement Award is a gross amount, 50% of which shall be treated as back wages
pursuant and subject to applicable employment taxes, including, without limitation, federal, state
and local income tax withholding.  The remaining 50% shall constitute liquidated damages under
the applicable laws and shall be paid without any withholding and reported under the Class
Member's name and social security number on an IRS Form 1099.  The Parties agree that no
portion of the Settlement Award constitutes punitive damages.

## II.    RECITALS

1.      Named Plaintiff Kenneth Kuck filed the original class and collective action lawsuit
in the United States District Court for the Eastern District of New York on August 15, 2017,
alleging that Defendants improperly denied him and other similarly-situated loan officers earned
overtime compensation when they worked more than 40 hours in a workweek, in violation of the
Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Articles 6 and 19 of the New
York Labor Law and the New York Codes, Rules, and Regulations Subpart 142-2.2, 12 NYCRR
142 ("New York Labor Law").

2.      On October 18, 2017, Defendants filed a Motion to Dismiss Plaintiff's complaint,
based on an alleged failure to specify any workweek in which Plaintiff worked overtime.  (Dkt.
23).  In lieu of responding to Defendants' motion, on November 7, 2017, Plaintiff moved for leave
to amend in order to correct any pleading deficiencies and to add a Named Plaintiff, Anthony
Juliano.  (Dkt. 25).  The Court granted Plaintiff's motion, and on November 20, 2017, Plaintiff
filed an Amended Class and Collective Action Complaint.  (Dkt. 26).

Doc ID: accdb5f478774c289946d2b7851ee93459151214

3.      On January 4, 2018, Defendants again moved to dismiss Named Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the deficiencies were not cured. (Dkt. 28).  On January 10, 2018, Plaintiffs filed a Second Amended Complaint correcting deficiencies in the paragraph numbering of the Amended Complaint.  (Dkt. 29).  On February 27, 2018, the Court denied Defendants' motion as moot, based on Plaintiffs filing an amended complaint less than 21-days after Defendants' motion.

4.      Thereafter, on March 7, 2018, Defendants' moved for reconsideration of the Court's February 27, 2018 Electronic Order denying their motion to dismiss.  (Dkt. 40).  Though the Court granted Defendants' Motion for Reconsideration, it subsequently denied Defendants' Motion to Dismiss on December 7, 2018.  (Dkt. 63).

5.      On January 10, 2018, Named Plaintiffs moved for conditional certification of a nationwide collective class of loan officers.  (Dkt. 30).  On July 16, 2018, the Court granted in part and denied in part Plaintiffs' Motion, conditionally certifying an FLSA collective class of loan officers who worked at Defendants' Melville, New York and Tampa, Florida offices.

6.      Throughout the course of the Lawsuit, the Parties conducted extensive discovery including: (a) the exchange of Rule 26(a) disclosures; (b) the exchange of written interrogatories; (c) the exchange of written discovery, including electronically stored information ("ESI"); (d) the review of Defendants' written policies and procedures; and (e) the investigation by counsel regarding the applicable law as applied to the facts discovered regarding the alleged claims and defenses.

7.      On November 26, 2018, the Parties attended a day-long mediation overseen by a private mediator, Michael D. Young, Esq.  While the Parties did not settle at that time, they made substantial progress.  Through continued negotiations at arm's length and in good faith, and with

Doc ID: accdb5f478774c289946d2b7851ee93459151214

the continued assistance of Mr. Young over the course of several weeks, the Parties subsequently reached a class and collective action settlement in principle, which is memorialized in this Agreement.

8.      The Parties have agreed to settle Settlement Class Members' FLSA and applicable state law claims according to the terms of this Agreement.

9.      The Parties recognize the expense, burden and risk associated with litigating this action through trial and any possible appeals. In light of these considerations, the Parties have determined that the Settlement Awards described in this Agreement are fair and reasonable.

10.     Class Counsel represents that they have conducted a thorough investigation into the facts and have diligently pursued an investigation of the Settlement Class Members' claims. Based on their own investigation and evaluation, Class Counsel is of the opinion that the Agreement is fair, reasonable, and adequate, and in the best interest of the Settlement Class Members in light of all known facts and circumstances. For purposes of this Agreement, Class Counsel also have determined that the Agreement procedures described herein are superior to all other available methods for the fair and efficient resolution of this controversy.

11.     The Parties desire to fully and finally resolve any and all disputes regarding the Settlement Class Members without the expense of further litigation, and to set forth their agreement and release of claims.

12.     The Parties agree to cooperate and take all reasonable steps necessary and appropriate to obtain preliminary and final approval of the Agreement and to effectuate all aspects of the Agreement.

## III.     SETTLEMENT TERMS

### A.      STATUS OF PROCEEDINGS AND SETTLEMENT APPROVAL PROCESS

Doc ID: accdb5f478774c289946d2b7851ee93459151214

13.     Solely for the purposes of this Agreement, Defendants stipulate and agree that Rule 23 certification of New York Class Members as a class is appropriate. If the Court does not finally approve this Agreement, or if the final approval of the Agreement is reversed for any reason on appeal, Defendants expressly reserve the right to oppose Rule 23 class certification and oppose the merits of the Lawsuit. The Parties agree that there will be no difficulty in the management of the Settlement on a class-wide basis.

14.     Solely for purposes of this Agreement, Defendants stipulate and agree that FLSA Section 216(b) final certification of the FLSA Collective Members as a collective is appropriate. If the Court does not finally approve this Agreement, or if the final approval of the Agreement is reversed for any reason on appeal, Defendants expressly reserve the right to seek decertification of the collective that was conditionally certified by the Court on July 16, 2018. The Parties agree that there will be no difficulty in the management of the Settlement on a collective-wide basis.

15.     This Agreement is expressly contingent upon the entry of the Final Approval Order and that it becomes a final and non-appealable order. If the Court does not finally approve this Agreement or if the Court's Final Approval Order is reversed or substantially modified on appeal in a manner which is not acceptable to all Parties, then the Parties expressly agree that this Agreement is null and void and no stipulation, representation, or assertion of fact made in this Agreement may be used against any Party. No Party to this Agreement, absent any material change by the Court, shall appeal the approval of this Settlement Agreement by the Court.

16.     The Agreement requires the occurrence of all of the following events: (i) execution of the Agreement by the Parties; (ii) submission of the Agreement by the Parties to the Court for preliminary approval; (iii) entry of the Preliminary Approval Order by the Court granting preliminary approval of the Agreement and certification of a final Rule 23 class action and a final

Doc ID: accdb5f478774c289946d2b7851ee93459151214

FLSA Section 216(b) collective for purposes of this Settlement only; (iv) Court approval of the method of distribution and the form and content of the Notice Materials; (v) distribution of notices pursuant to the Class Action Fairness Act ("CAFA"); (vi) distribution of the Notice Materials by the Settlement Administrator; (vii) filing by Class Counsel, on or before the date of the Final Approval Hearing, the Court-approved Settlement Administrator's declaration, in writing, that the Notice Materials have been disseminated in accordance with the Court's order; and (viii) filing of a motion seeking final approval of the settlement..

17.     In the event the Agreement is not given preliminary or final approval in all material respects and consistent with the terms of this Agreement, or if the Court's Final Approval Order is reversed on appeal, then no class or collective will be deemed finally certified by or as a result of this Agreement, and the Lawsuit will revert to its pre-settlement posture.

18.     The Parties further agree that if the Agreement is not given preliminary or final approval by the Court in all material respects and consistent with the terms of this Agreement, the Parties agree to continue to negotiate in good faith an agreement with terms that are acceptable to the Court, if possible.

**B.      MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

19.     Within ten (10) days after the execution of this Agreement, the Parties shall file with the Court a Joint Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion") to be prepared and agreed upon by the Parties.

20.     In the Preliminary Approval Motion, the Parties shall request that the Court: (i) grant preliminary approval of the Agreement described herein; (ii) certify the New York Class pursuant to Rule 23 and for settlement purposes only; (iii) finally certify the FLSA collective pursuant to Section 216(b) and for settlement purposes only; (iv) approve the Notice Materials and

Doc ID: accdb5f478774c289946d2b7851ee93459151214

the proposed plan of settlement administration described herein; and (v) schedule a tentative date for a Final Approval Hearing, approximately, but no less than, one hundred (100) days after the date of Preliminary Approval Order.

21.     The Parties will file a Joint Motion for Final Approval of Settlement no later than seven (7) days before the Final Approval Hearing, and, at the same time, Class Counsel will file a motion seeking approval of the Fee and Expense Award relating to their representation of the Named Plaintiffs and Settlement Class Members.

C.     **PLAN OF SETTLEMENT ADMINISTRATION**

22.     Within seven (7) days after the Court's Preliminary Approval Order, Planet shall provide Class Counsel and the Settlement Administrator, with the following information as to each Settlement Class Member: i) name; ii) last known address; iii) last known telephone number; iv) dates of employment; and v) location of employment (the "Settlement Class Data"). For those Class Members whom the Notice Materials are returned as undeliverable, Planet, upon notice from the Settlement Administrator, will promptly provide the Settlement Administrator the social security number of the applicable Class Member so that the Settlement Administrator can conduct a skip trace.

23.     Within seven (7) days after the Court's Preliminary Approval Order, Class Counsel shall provide the Settlement Administrator with estimated Settlement Award amounts for each Settlement Class Member.

24.     The Settlement Administrator shall be responsible for the following:

   i. Printing and mailing the Notice Materials approved by the Court via first class mail to the Settlement Class Members at their last known addresses;

   ii. Performing address updates by way of a search of the U.S. Postal Service's National Change of Address database, and attempting to locate an updated address for any Settlement Class Member whose Notice Materials are returned as

Doc ID: accdb5f478774c289946d2b7851ee93459151214

undeliverable and undertaking a single re-mailing to any updated address that is located thereby;

iii. Consulting with counsel for the Parties concerning any relevant issue, including without limitation distribution of the Notice Materials;

iv. Receiving and keeping track of timely requests for exclusion (Opt-Out Forms) and/or objections;

v. Preparing a declaration regarding its due diligence in the Settlement administration process;

vi. Mailing each Settlement Class Member his/her Settlement Award;

vii. Determining and transmitting payment of the payroll taxes applicable to each Settlement Class Member's Settlement Award;

viii. Issuing applicable tax documentation to Settlement Class Members regarding their Settlement Share;

ix. Issuing applicable tax documentation to Class Counsel regarding the Fee and Expense Award payments;

x. Issuing applicable tax documentation to the Named Plaintiffs regarding their Service Payments; and

xi. All tasks assigned to the Settlement Administrator under this Agreement and any other such tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform;

xii. Notifying the Parties, on a monthly basis, of any FLSA Collective Member who has endorsed, cashed or otherwise negotiated their settlement check within one hundred eighty (180) days of the mailing of their settlement check.

25.     Within ten (10) calendar days after receiving the settlement allocation for each Settlement Class Member, the Settlement Administrator shall send each Settlement Class Member his/her applicable Notice Materials *via* first class U.S. Mail, postage prepaid. The Notice Materials will inform Settlement Class Members of their anticipated estimated Settlement Award.

26.     Settlement Class Members need not do anything to receive their Settlement Award.

27.     New York Class Members, other than Opt-In Plaintiffs and Named Plaintiffs, who

Doc ID: accdb5f478774c289946d2b7851ee93459151214

do not want to participate in the Settlement may exclude themselves by following the instructions on the Notice Materials no later than the Objection/Exclusion Deadline.  Any Settlement Award payment amount allocated to a New York Class Member who subsequently opts-out of the settlement, will be redistributed to the Net Settlement Amount.  New York Class Members, who do not exclude themselves, and FLSA Collective Members may object to the Settlement by following the instructions on the Notice Materials no later than the Objection/Exclusion Deadline:

    i. Any New York Class Member, other than Opt-In Plaintiffs and Named Plaintiffs, may exclude him- or herself from the Settlement by completing and signing the Opt-Out Form, and mailing it to the Settlement Administrator by the Objection/Exclusion Deadline specified in the Notice of Settlement (45 calendar days after mailing). Any New York Class Member who timely excludes him- or herself from the Settlement will not receive any payment and will not be bound by any Release. Any Settlement Award payment amount allocated to a New York Class Member who timely excludes him- or herself from the Settlement will be redistributed to the Net Settlement Amount. Any New York Class Member who does not opt-out in the manner provided in this Agreement and in the Notice Materials shall have waived any exclusion to the Settlement, whether by appeal or otherwise. Upon receipt of an Opt-Out Form, the Settlement Administrator shall promptly forward it to counsel for the Parties.

    ii. If more than 20% of the New York Class Members choose to exclude themselves in writing from participating in the Settlement described under this Agreement, then Defendants shall have the option, to be exercised within ten (10) business days of the Objection/Exclusion Deadline, of revoking this Agreement and proceeding with the case as if no settlement has been attempted. The Parties thereafter shall have no further rights or obligations under this Agreement.

    iii. Any New York Class Member or FLSA Collective Member may object to the Agreement by following the instructions on the Notice Materials. To object to the Agreement, or any terms of it, the person making the objection must be a New York Class Member or an FLSA Collective Member, must not have opted-out of the Lawsuit, and must send to the Settlement Administrator, and file with the Court, a written statement of the grounds of objection, signed by the Class Member, or his or her attorney, by the Objection/Exclusion Deadline specified in the Notice of Settlement (45 calendar days after mailing).

    iv. To be effective, an objection to the Agreement must be in writing and include: (a) the Class Member's full name, address, telephone number, and signature; (b) the case name and number; and, (c) a statement as to why the objector objects to the Settlement, and whether the objector intends to appear at the Final

Doc ID: accdb5f478774c289946d2b7851ee93459151214

Approval Hearing. After receipt of an objection, the Settlement Administrator shall promptly forward it to counsel for the Parties.

v. Any New York Class Member or FLSA Collective Member who properly objects has the right to appear either in person, or through his/her own attorney, at the Final Approval Hearing at his/her own expense. Objections not previously filed and served in writing in a timely manner will not be considered by the Court. If the Court approves the Agreement, all Settlement Class Members will be bound by the terms, including those who object. Any New York Class Member or FLSA Collective Member who does not timely and properly object in the manner provided in this Agreement and in the Notice Materials shall have waived any objection to the Settlement Agreement, whether by appeal or otherwise.

vi. The Parties may file a response to any objection no later than seven (7) calendar days before the Final Approval Hearing.

28.     On a weekly basis, the Settlement Administrator must notify counsel for the Parties *via* electronic mail of all Opt-Out Forms and Objections received. Opt-Out Forms and Objections shall be disregarded if they are not post-marked on or before the Objection/Exclusion Deadline.

29.     If a New York Class Member submits both an Objection and an Opt-Out Form, the Settlement Administrator shall attempt to contact that New York Class Member to determine whether s/he intended to object or opt-out. If the Settlement Administrator cannot reach him/her, it will be presumed that s/he intended to opt-out, the objection will not be considered, and the New York Class Member will be excluded from the settlement.

30.     At no time shall any of the Parties or their counsel: (a) discourage any Settlement Class Member from participating in the settlement; or (b) encourage any Settlement Class Member to object to the Agreement or request exclusion from the Agreement.

31.     No later than seven (7) calendar days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide the Parties' counsel with a declaration that includes information indicating that the Notice Materials have been disseminated to the Settlement Class Members in accordance with the Court's order, a complete list of all individuals who have timely

Doc ID: accdb5f478774c289946d2b7851ee93459151214

and properly submitted Opt-Out Forms, and all individuals who have timely and properly objected to the Settlement (the "Administrator's Declaration").

32.      Planet represents and warrants that to the best of their knowledge and belief, the data supplied regarding the dates and location of employment for Settlement Class Members, which Class Counsel used for the computation of the payments to Settlement Class Members, is accurate, and Planet further understands that this representation is a material term of this Agreement.

**D.      FINAL APPROVAL**

33.      After Preliminary Approval, notice to the Settlement Class Members, and the Objection/Exclusion Deadline, a Final Approval Hearing shall be held on a date set by the Court, approximately, but no less than, one hundred (100) days after the Preliminary Approval Order. In connection with the Final Approval Hearing, the Parties shall file such papers with the Court as either their counsel or the Court may determine to be necessary.

34.      At least seven (7) calendar days prior to the Final Approval Hearing, the Parties shall file with the Court: (a) a joint motion for final approval of settlement; (b) a copy of the Administrator's Declaration; and (c) a declaration that CAFA notices have been provided.

35.      At least seven (7) calendar days prior to the Final Approval Hearing, Class Counsel will submit to the Court, and Defendants will not oppose, an application for: (i) a Fee and Expense Award not to exceed $165,000.00, which represents 40% of the Settlement Amount, and an Expense Award for reasonable litigation costs not to exceed $17,000.00; (ii) Administrative Costs in the amount $6,000.00; and (iii) Service Payments to the Named Plaintiffs in the amount of $7,500.00 each, for a total of $15,000.00.  The amounts approved by the Court will be deducted from the Settlement Amount.

Doc ID: accdb5f478774c289946d2b7851ee93459151214

36.     The application for a Fee and Expense Award, Administrative Costs and Service Payments are to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Lawsuit. The outcome of the Court's ruling on the application for a Fee and Expense Award, Administrative Costs and/or Service Payments shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal. Any reduction of a Fee and Expense Award, Administrative Costs and/or Service Payments shall be applied to the Net Settlement Amount.

37.     At the Final Approval Hearing, the Parties will ask the Court to finally approve the Agreement; to consider any objections thereto; to approve the amounts allocated for Class Counsel's Fee and Expense Award, the Administrative Costs, and the Service Payments for Named Plaintiffs.

38.     Only counsel for the Parties and Class Members who have timely filed valid objections to the Settlement Agreement may participate in the Final Approval Hearing.

**E.      SETTLEMENT ADMINISTRATION**

39.     Within five (5) business days of the entry of the Final Approval Order, the Settlement Administrator shall notify Defendants of the employer portion of payroll tax for the portion of the Settlement Awards to be paid as W2 wages ("Employer Payroll Taxes"). Defendants shall have ten (10) business days to review and notify the Settlement Administrator of any errors in the calculation of Employer Payroll Taxes and the Settlement Administrator shall have five (5) business days to respond and provide Defendants a final calculation of the Employer Payroll Taxes.

40.     Within seven (7) business days after the Effective Date, Planet shall electronically

Doc ID: accdb5f478774c289946d2b7851ee93459151214

transfer the Settlement Amount and the Employer Payroll Taxes to the settlement fund to be established by the Settlement Administrator.

41.     Class Counsel and the Named Plaintiffs will ask the Court to award Attorney's Fees and Expenses and Named Plaintiffs Service Payments and Administrative Costs out of the Settlement Amount.  Any Attorney's Fees and Expenses awarded by the Court shall be reported by the Administrator as IRS Form 1099 income to Class Counsel, and shall be paid to Class Counsel by the Settlement Administrator from the Settlement Fund, in accordance with instructions that Class Counsel shall provide to the Settlement Administrator, within seven (7) business days following the Administrator's receipt of the Settlement Amount.

42.     Within seven (7) business days after the Administrator's receipt of the Settlement Amount, or as soon as practicable, the Settlement Administrator shall disburse the Settlement Amount as follows:

      i. <u>Service Payments to Named Plaintiffs.</u>  The Service Payments approved by the Court shall be paid in the form of checks made payable to the Named Plaintiffs. The Service Payments shall be mailed to Stephan Zouras, LLP for distribution. The Service Payments are not subject to any withholdings, and the Settlement Administrator shall issue the Named Plaintiffs each an IRS Form 1099 for these payments.

     ii. <u>Settlement Award Payments.</u>  The Settlement Administrator shall distribute the Settlement Awards to the Settlement Class Members by mailing each a check. Settlement Award Payments will be gross amounts, subject to applicable tax withholdings as discussed below.  Settlement Class Members acknowledge that the payments made to them under this Agreement must be reported to the IRS (as well as state and local taxing authorities where applicable), and that it is each Settlement Class Member's individual responsibility to make tax payments on these amounts, if applicable. Fifty percent (50%) of the Settlement Award to each individual Settlement Class Member constitutes wages, and fifty percent (50%) of the Settlement Award to each individual Settlement Class Member constitutes liquidated damages.   The Settlement Administrator shall withhold legally required payroll taxes from the portion of the payment that constitutes wages, shall issue an IRS Form W-2 indicating those amounts, and shall pay the appropriate tax authorities the employee portion of any and all payroll taxes required to be paid in connection with the payment for wages.  The payment for

Doc ID: accdb5f478774c289946d2b7851ee93459151214

liquidated damages and other non-wage recovery shall be reported on an IRS Form 1099.

    iii.   <u>Employer's Portion of Payroll Taxes</u>.  Pursuant to Paragaphs 39 and 40, above, Planet shall be solely responsible for paying the Employer Payroll Taxes, as determined by the Settlement Administrator, to the settlement fund to be established by the Settlement Administrator.  Planet shall also be responsible for all interest and penalties with respect to Employer Payroll Taxes, subject to any indemnity agreement between Planet and the Settlement Administrator.  The Settlement Administrator is responsible for disbursing the Employer Payroll Taxes from the settlement fund to the applicable tax authorities at the appropriate time.

    iv.   <u>Class Member Responsibility for Taxes</u>.  Class Members will be solely responsible for all taxes, interest and penalties due with respect to any portion of the Settlement Award for which an IRS Form 1099 is issued.  Named Plaintiffs, on behalf of the Class Members, acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement.

    v.   <u>Uncashed Checks</u>.  Settlement Class Members will have 180 days after the mailing of their settlement checks to cash the checks. If any settlement check is returned as undeliverable with or without any indication of a more current address, the Settlement Administrator will undertake reasonable efforts to identify a current address and, if one is so identified, will mail the check to the new address.  If any check to any Settlement Class Member is not cashed, any unclaimed amounts will be distributed to a *cy pres* recipient, to be agreed upon by the Parties.

## F.    RELEASES

43.    Upon entry of the Final Approval Order by the Court all New York Class Members who have not submitted a valid Opt-Out Form by the Objection/Exclusion Deadline, on behalf of themselves and each of their heirs, representatives, successors, and assigns, forever and fully release Released Parties from any claims for unpaid wages, overtime pay, failure to maintain and furnish employees with proper wage notices and/or statements and all other claims that were or could have been asserted in the Lawsuit under state and local wage and hour laws, whether known or unknown, through the date of the Preliminary Approval Order, including but not limited to state and local law claims for overtime, unpaid wages, interest, liquidated damages, and attorneys' fees

Doc ID: accdb5f478774c289946d2b7851ee93459151214

and costs related to such claims (the "Released New York Class Claims"). The Released New York Class Claims include, but are not limited to, claims under New York Labor Law, the Wage Theft Prevention Act, New York State Labor Law §§190, et seq., §193, §198, §§650, et seq., §663, §§740, et seq., or otherwise, 12 N.Y.C.R.R. §142-2.2 and §142-2.10, et seq. or otherwise, each as has been or may be amended from time to time. For the avoidance of any doubt, Released New York Class Claims shall be interpreted as broadly as possible in accordance with the terms set forth herein. The Parties expressly acknowledge that the Released New York Class Claims are intended to include and do include without limitation all such claims which New York Class Members do not know about or suspect to exist against the Released Parties relating to the Released New York Class Claims and that this Agreement expressly contemplates the extinguishment of any such claims.

44.     Upon entry of the Final Approval Order by the Court, all FLSA Collective Members and/or Florida Class Members who endorse, cash or otherwise negotiate their settlement check, on behalf of themselves and each of their heirs, representatives, successors, and assigns, forever and fully release Released Parties from any claims for unpaid wages, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or could have been asserted in the Lawsuit under federal, state and local wage and hour laws, whether known or unknown, through the date of the Preliminary Approval Order, including but not limited to federal, state and local law claims for overtime, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims (the "Released FLSA Collective Claims"). The Released FLSA Collective Claims include, but are not limited to, claims under Fair Labor Standards Act and Florida Minimum Wage Act. For the avoidance of any doubt, Released FLSA Collective Claims shall be interpreted as broadly as possible in accordance with the terms set forth

Doc ID: accdb5f478774c289946d2b7851ee93459151214

herein.  The Parties expressly acknowledge that the Released FLSA Collective Claims are intended

to include and do include without limitation all such claims which FLSA Collective Members

and/or Florida Class Members do not know about or suspect to exist against the Released Parties

relating to the Released FLSA Collective Claims and that this Agreement expressly contemplates

the extinguishment of any such claims..

45.    The back of each and every Settlement Award shall bear the following legend:

> "By my  endorsing, cashing or otherwise negotiating this check, I
> opt into the United States District Court for the Eastern District of
> New York lawsuit *Kuck, et al. v. Planet Home Lending, LLC and
> Michael Dubeck, Case No. 17-cv-04769*, and release all of my
> claims as described in the class settlement agreement for that
> lawsuit, including, without limitation, wage and hour claims under
> both the Fair Labor Standards Act and state and local wage and hour
> laws."

46.    In the event the Court approves Service Payments to the Named Plaintiffs, Named

Plaintiffs will additionally release, on behalf of themselves and their heirs, representatives,

successors, and assigns, the Released Parties from any and all claims, demands, liabilities, debts,

judgments, damages, expenses, administrative actions, causes of action or suits of any kind for or

by reason of any matter, cause, or thing whatsoever, whether for tort, breach of express or implied

employment contract, unjust dismissal, wrongful termination or under any federal, state, or local

law dealing with discrimination or retaliation based on age, race, sex, national origin, handicap,

religion, disability, or any other protected class and including any and all claims for incidental or

consequential damages, expenses incurred, litigation expenses, court costs, attorney fees, tort or

contractual damages of any kind, and any and all other damages or statutory sums whatsoever,

known or unknown, compensatory or punitive, which arose out of or are connected in any way,

directly or indirectly, with any and all claims the Named Plaintiffs have now, or may have had

against the Released Parties through and including the date of execution of this Agreement.  This

Doc ID: accdb5f478774c289946d2b7851ee93459151214

general release of all claims includes, but is not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Civil Rights Act of 1866, the Equal Pay Act, the Uniform Services Employment and Re-employment Rights Act ("USERRA"), Section 1981 (42 U.S.C. 1981), the Fair Credit Reporting Act, the Employee Retirement Income Security Act ("ERISA"), the Civil Rights Act of 1991, the Rehabilitation Act of 1973, the Older Workers Benefit Protection Act ("OWBPA"), the Occupational Safety and Health Act of 1970 ("OSHA"), the Florida Civil Rights Act, Florida Minimum Wage Act, Florida Statutes Chapter 448.101, *et. seq.*, commonly known as the Florida Private Sector Whistleblower Act, the federal and New York Worker Adjustment and Retraining Notification Acts, the New York Executive Law (New York Executive Law § 290, et seq., the New York City Human Rights Law (New York City Administrative Code §§8-101, et seq.), New York State Labor Law §§190, et seq., §193, §198, §§650, et seq., §663, §§740, et seq., or otherwise, 12 N.Y.C.R.R. §142-2.2 and §142-2.10, et seq. or otherwise, each as has been or may be amended from time to time, and any other federal, state, or local laws, the common law, and any other rules or regulations governing the relationship between an employer and employee (the "Released Named Plaintiffs Claims").

47. Named Plaintiffs each represent that he has been represented by The Law Offices of Erik H. Langeland and Stephan Zouras, LLP. Named Plaintiffs each further represent that he has been provided the opportunity of at least twenty-one (21) days to consider, execute and return this Agreement. To the extent any Named Plaintiff executes this Agreement before that twenty-one (21) day period expires, he freely and voluntarily elects to forgo waiting twenty-one (21) days prior to execution and acknowledges that (a) the benefits provided are available notwithstanding his choice to waive, or not waive this period and (b) that this waiver was not in any way coerced

Doc ID: accdb5f478774c289946d2b7851ee93459151214

or compelled by any of the Released Parties.

48. Named Plaintiffs each acknowledge and represent that he fully understands all of the provisions of this Agreement, has had the opportunity to ask questions and is executing this Agreement freely and voluntarily.

49. Named Plaintiffs each further understand that he can revoke his acceptance by communicating such revocation in writing, so as to be received by the Defendants' Counsel at the addresses set forth below within seven (7) days of his or her execution of the Agreement:

> *Defendants' Counsel*
>
> Klein Zelman Rothermel Jacobs & Schess LLP
> Attention: Jane Jacobs
> 485 Madison Avenue, Suite 1301
> New York, New York 10022

50. In the event that any Named Plaintiff revokes his signature to the Agreement, such Plaintiff shall forfeit his entitlement to receive the Service Payment.

51. The Released New York Class Claims, Released FLSA Collective Claims and Released Named Plaintiffs Claims are the "Released Claims."

## IV.   **MISCELLANEOUS**

52.   <u>Authorization to Enter Into Settlement Agreement.</u> The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

53.   <u>No Admission of Liability.</u> This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault, liability or wrongdoing. Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due

Doc ID: accdb5f478774c289946d2b7851ee93459151214

to the pendency and expense of litigation. Nothing in this Agreement or the related documents shall be deemed or used as an admission of liability by Defendants, nor as an admission that a class or collective action should be certified for any purpose other than for purposes of settlement of the Lawsuit.

54.     Cooperation Between the Parties; Further Acts.  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

55.     Confidentiality.  The Parties and their Counsel agree to maintain the confidentiality of any documents produced, formally or informally, during the course of or in connection with the Lawsuit. The Settlement Agreement will not be confidential.

56.     No Retaliation.  Defendants will not take any adverse action against any Settlement Class Members on the grounds that s/he is eligible to participate or does participate in the Settlement and shall not discourage any person from participating in the Settlement.

57.     Amendment or Modification.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

58.     Entire Settlement Agreement.  This Agreement with Exhibits A, B, C, D, E and F constitute the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

Doc ID: accdb5f478774c289946d2b7851ee93459151214

59.   Binding on Successors and Assigns.  This Agreement is binding upon, and inures to the benefit of the Parties and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.  The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred or encumbered to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

60.   Arms' Length Transaction; Materiality of Terms.  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

61.   Captions.  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

62.   Construction.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

63.   Waivers, etc. to be in Writing.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the

Doc ID: accdb5f478774c289946d2b7851ee93459151214

other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

64.    <u>Counterparts.</u> This Agreement may be executed in multiple counterparts with each constituting an original. This Agreement may be electronically signed.

65.    <u>Jurisdiction of the Court.</u>  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

66.    <u>Governing Law.</u>  Any action to enforce this Agreement shall be commenced and maintained in this Court, governed by and interpreted according to New York law.

—REMAINDER OF PAGE LEFT INTENTIONALLY BLANK—

Doc ID: accdb5f478774c289946d2b7851ee93459151214

IN WITNESS WHEREOF, the undersigned duly executed this Agreement as of the date indicated below:

**CLASS COUNSEL**

By: _____

Dated: 04/23/19

Erik H. Langeland
The Law Offices of Erik H. Langeland
733 3rd Avenue, 15th Floor
New York, New York 10017

By: _____

Dated: 4/24/19

James B. Zouras
Ryan F. Stephan
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606

**DEFENDANTS' COUNSEL**

By: _____

Dated: 4/24/19

Jane B. Jacobs, Esq.
Klein Zelman Rothermel Jacobs & Schess, LLP
485 Madison Avenue - 13th Floor
New York, New York 10022

**MICHAEL DUBECK**

By: _____

Dated: 4/19/19

**PLANET HOME LENDING, LLC**

By: _____

Print: Dierk Hohman

Title: EVP, Chief General Counsel & Enterprise Assu Offic

Dated: 4/18/2019

**KENNETH KUCK**

By: _____

Dated: 04/23/2019

**ANTHONY JULIANO**

By: _____

Dated: _____

{00137922.1}27

IN WITNESS WHEREOF, the undersigned duly executed this Agreement as of the date indicated below:

CLASS COUNSEL

By: _____ _____ _____ _____

Dated: _____ _____

Erik H. Langeland
The Law Offices of Erik H. Langeland
733 3rd Avenue, 15th Floor
New York, New York 10017

By: _____ _____ _____

Dated: _____ _____

James B. Zouras
Ryan F. Stephan
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606

DEFENDANTS' COUNSEL

By: _____ _____ _____ _____

Dated: _____ _____

Jane B. Jacobs, Esq.
Klein Zelman Rothermel Jacobs & Schess, LLP
485 Madison Avenue - 13th Floor
New York, New York 10022

MICHAEL DUBECK

By: _____

Dated: 4/18/19

PLANET HOME LENDING, LLC

By: _____

Print: Dierk Hohman

Title: EVP, Chief General Counsel & Enterprise Risk Officer

Dated: 4/18/2019

KENNETH KUCK

By: _____ _____ _____ _____

Dated: _____ _____

ANTHONY JULIANO

By: _____ _____ _____

Dated: 04/23/2019

{00137922;1}27

Doc ID: 1647f741c144fa55cccbc1b89d53020ce0a6c1c3